IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(BROWNSVILLE DIVISION)

United States District Court
Southern District of Texas
FILED

MAY 2 9 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| BEATRIZ E. EBEL, § | |
| Individually and as § | |
| Personal Representative of the § | |
| Estate of PHILIP WAYNE EBEL, § | |
| Deceased, § | |
| Plaintiff, § | **B·03·102** |
| § | |
| vs. § | CIVIL ACTION NO. _____ |
| § | |
| GLAXO SMITHKLINE, § | |
| Defendant. § | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES, Beatriz E. Ebel, individually and as personal representative of the Estate of Philip Wayne Ebel, deceased, and files this suit against Defendant Glaxo SmithKline, complaining about the personal injuries to and wrongful death of Philip Wayne Ebel, deceased.

### Nature of the Case

1.     This is a Texas diversity, products liability, personal injury and wrongful death case arising out of the tragic death of Philip Wayne Ebel on or about November 11, 2002, in Brownsville, Texas.  At the time of his death Mr. Ebel was under the influence of a powerful, serotonergic, psychotropic drug, manufactured and marketed by the Defendant.

## Parties

2.      Plaintiff, Beatriz E. Ebel is the widow of Philip Wayne Ebel.  She is a resident of Brownsville, Texas.  Thus, she is a statutory beneficiary of the cause of action created by the Texas Wrongful Death Act, and an appropriate party to allege claims on behalf of the Estate of Philip Wayne Ebel under the Texas Survival statute. She brings this suit in her own capacity and her representative capacity to recover damages for herself and for Philip's  two children, Eric Fernando Ebel and Gabriela Nicole Ebel.

3.      Defendant Glaxo SmithKline [hereinafter GSK] is a British owned and controlled pharmaceutical company with dual American headquarters in Pennsylvania and North Carolina.  It manufacturers and markets a serotonergic, psychoactive medication called Paxil.

## Jurisdiction and Venue

4.      Jurisdiction is based on diversity of citizenship.  28 U.S.C. §1332.  The amount in controversy is substantially in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.  The actions giving rise to this cause of action happened within this District.  Therefore, venue is permissible in this District pursuant to 28 U.S.C. §1391.

## Facts

It has become necessary to file this suit as a result of the following facts.

5.      Paxil is a powerful, mind altering drug which is specifically designed and marketed to alter a person's serotonin system.  For years it has been known that serotonin functioning is directly related to aggression and violence, both directed at oneself and at others.

6.      Paxil undoubtedly helps the majority of patients who take it. Unfortunately, however, there is a "small vulnerable subpopulation" of patients who are at an increased risk of violence and suicide as a result of taking Paxil and other SSRI drugs.

7.      GSK has known about this small vulnerable subpopulation for years. And, yet, it has failed to conduct any prospective tests to determine the frequency of this phenomenon  or to develop means of identifying and protecting those patients who are in this risk group.  It has also failed to warn prescribing physicians, pharmacists, and patients about this risk or to instruct them on the known ways to reduce or ameliorate the risk.

8.      Many people have died as a result of these failures.  And GSK has, in the only case which has gone to trial on the issue, been adjudicated as being responsible

for those deaths. *Tobin v. SmithKline Beecham Pharmaceuticals*, 164 F.Supp.2d 1278, 1284 (D.Wy. 2001).

9.      Because of the *Tobin* verdict, GSK is and should be collaterally estopped to deny either (a) that Paxil can, indeed, cause some individuals to commit suicide and/or homicide, and (b) that it is at "fault" for failing to warn and failing to test.

10.     Philip Wayne Ebel was born on November 19, 1964 in LaGrange, Texas. He met and married Beatriz E. Ciseneros. Before his death on November 11, 2002, they had been married for 14 years. In those 14 years he never raised a hand in anger to his wife, whom he considered to be his best friend. They had two children, Eric Fernando Ebel and Gabriela Nicole Ebel.

11.     Over the years, Mr. Ebel had problems with depression. However, he was never violent or suicidal. His primary care physician tried a number of different medications. On November 9, 2002, he was put on Paxil.

12.     Two days later, on the afternoon of November 11, 2002, Mr. Ebel shot himself in the back of the mouth with a shotgun. Everyone that knew him knows that, in his right and normal mind, he could never have done this.

13.     Defendant GSK is liable under one or both of two different theories of liability recognized under Texas law. FIRST: Defendant GSK is strictly liable under

the principles of Restatement (Second) of Torts, §§402A and 402B, and the new Restatement (Third) of Torts, for marketing defects and misrepresentations.

14.    SECOND: Defendant GSK ' conduct is unreasonable, or negligent, and was a proximate cause of Philip Wayne Ebel's death. The negligence includes failure to warn, failure to test, failure to implement appropriate patient screening mechanisms, and over-promotion of Paxil..

15.    Plaintiff sues under the Texas Survival Statute to recover personal injury damages on behalf of Philip Ebel from the time of his initial ingestion of Paxil until his death. Plaintiff also sues under the Texas Wrongful Death Act for wrongful death damages on behalf of herself and of their two children named above. The amount of actual damages is alleged to be in the millions, and the *ad damnum* will be particularized on request.

16.    Nearly a year and a half before Phillip Ebel died, the jury rendered its verdict in the *Tobin* case referenced above. GSK could and should have publically endorsed that verdict and taken immediate measures to alert the public, the medical profession, pharmacists, and patients that, for a "small vulnerable subpopulation" of patients, this drug poses a risk of violence and suicide. In fact, it did just the opposite. Its representatives criticized the verdict and tried to reassure the medical profession that this was just a case of a bunch of citizen-jurors run amok.

17.    Because of its conscious disregard and malice, as evidenced by these acts, GSK should be liable in this case for exemplary damages.

18.    Plaintiff is also entitled to recover prejudgment interest and costs of court.

19.    Plaintiff hereby invokes her right to trial by jury.

WHEREFORE, Plaintiff prays that the Defendant GSK be cited to appear and answer herein, and that, after a trial, she receive such monetary damages and other relief as is sought herein and appropriate under the law and the facts.

Respectfully submitted,

_____
Michael R. Cowen
SBOT No. 00795306
Fed. I.D. No. 19967
520 E. Levee
Brownsville, TX 78520
Telephone: 956-541-4981
Facsimile: 956-504-3674
Email: mcowen@cowenlaw.com


Of Counsel:
Andy Vickery
Texas State Bar No. 20571800
10000 Memorial Drive, Suite 888
Houston, Texas 77024
Telephone: 713-683-1209
Facsimile: 713-683-1294
Email: andy@justiceseekers.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

MELQUIADES GARCIA,          §
    Plaintiff,          §
             §
             §          CAUSE NO. B- **B-03-101**
v.          §
             §
DWAYNE TYNER and          §
VALLEY TRUCKING COMPANY, INC.,          §
    Defendants.          §

## INDEX OF MATTERS FILED WITH NOTICE OF REMOVAL

1.      Plaintiff's Original Petition.

2.      Defendant Dwayne Tyner's Original Answer.

3.      Defendant Valley Trucking Company, Inc.'s Original Answer.

4.      Notice of Removal to County Court at Law No. Three for Cameron County, Texas.

5.      Docket Sheet.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
    & ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 3766 - Fax

By: _____
    C. Frank Wood
    State Bar No. 24028136
    Federal Bar No. 29870
    Dennis Sanchez
    State Bar No. 17569600
    Federal Bar No. 1594

ATTORNEYS FOR DEFENDANTS
VALLEY TRUCKING COMPANY, INC.
and DWAYNE TYNER

United States District Court
Southern District of Texas
FILED

MAY 2 9 2003

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

MELQUIADES GARCIA,                  §
    Plaintiff,                  §
                                  §
v.                                  §    CAUSE NO. B-**B-03-101**
                                  §
DWAYNE TYNER and                    §
VALLEY TRUCKING COMPANY, INC.,      §
    Defendants.                   §

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

In accordance with 28 U.S.C.A. §1466(a), you are hereby notified that Defendant, VALLEY TRUCKING COMPANY, INC. ("VALLEY"), has removed this action from the County Court at Law No. Three of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division.

1.    Jurisdiction is vested in this Court by virtue of 28 U.S.C.A. §1331 and the doctrine of preemption. In this action, the Plaintiff is seeking to recover damages for injuries which he allegedly sustained while employed as an employee of VALLEY.

2.    Plaintiff is a subscriber and beneficiary to an employee benefit plan (ERISA) which provides health care and benefits for personal injury incurred as a result of an accident occurring while in the normal course of employment. Such benefit plan is therefore covered by the Employment Retirement Security Act of 1974 ("ERISA") as set out in 29 U.S.C.A. §1001 et seq. This Court has original jurisdiction over Plaintiff's Original Petition and Complaint pursuant to 28 U.S.C.A. § 1331 as it involves an action "arising under the laws" of the United States. Federal law under ERISA preempts common law causes of action and other statutory causes of action.

3.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C.A. §1331 and may be removed by VALLEY pursuant to 27 U.S.C.A. §1441.

4.    The claims presented by Plaintiff are subsumed under the ERISA Occupational Injury Benefit Plan maintained by VALLEY.

5.    This notice is filed within thirty (30) days from the time process was served upon Defendant, VALLEY.

6.    Copies of all process, pleadings and orders served upon the Defendants in the State court action are attached hereto.

7.    A copy of this Notice is being served upon the Plaintiff, through his attorney, and upon the Count Clerk of Cameron County, Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the action now pending in County Court at Law No. Three of Cameron County, Texas under Cause No. 2003-CCL-318-C be removed to this Court.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
    & ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 3766 - Fax

By: _____
    C. Frank Wood
    State Bar No. 24028136
    Federal Bar No. 29870
    Dennis Sanchez
    State Bar No. 17569600
    Federal Bar No. 1594

ATTORNEYS FOR DEFENDANTS
VALLEY TRUCKING COMPANY, INC.
and DWAYNE TYNER

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Notice of Removal** has been served upon counsel listed below☒ by placing a true and correct copy of same in the United States Mail, certified, return receipt requested, with postage fully prepaid, and/or ☐ by facsimile to the number listed below, and/or ☐ by hand delivery, on this _29th_ day of _MAM_____, 2003:

Mr. Richard S. Hoffman
ATTORNEY AT LAW
1718 Boca Chica Blvd.
Brownsville, Texas 78520
Fax No.: (956) 982-1909

_____
C. Frank Wood

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Index of Matters Filed with Notice of Removal** has been served upon counsel listed below ☒ by placing a true and correct copy of same in the United States Mail, certified, return receipt requested, with postage fully prepaid, and/or ☐ by facsimile to the number listed below, and/or ☐ by hand delivery, on this _29ᵗ_ day of _MAY_____, 2003:

Mr. Richard S. Hoffman
ATTORNEY AT LAW
1718 Boca Chica Blvd.
Brownsville, Texas 78520
Fax No.: (956) 982-1909

C. Frank Wood



FILED FOR RECORD
AT __ O'CLOCK __ M
APR 0 9 2003
JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

NO. 2003-CCL-318-C

**MELQUIADES GARCIA**
**Plaintiff,**

**V.**

**VALLEY TRUCKING COMPANY,**
**INC. and DWAYNE TYNER**
**Defendants.**

§
§
§
§
§
§
§
§

IN THE COUNTY COURT

AT LAW NO.

OF CAMERON COUNTY, TEXAS

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** Melquiades Garcia, hereinafter called Plaintiff, complaining of and about Valley Trucking Company, Inc., and Dwayne Tyner, hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.    Plaintiff, Melquiades Garcia, is an Individual and a resident of Cameron County.

3.    Defendant, Valley Trucking Company, Inc., is a corporation and can be served with process at its place of business and through its President or Director, Dwayne Tyner at the following address:

> 4550 Coffeeport
>
> Brownsville, Texas 78521

4.    Defendant, Dwayne Tyner, is an individual and resident of Cameron County and may be served at his place of business at 4550 Coffeeport Road, Brownsville, Texas 78521.

2003-CCL-0318C

## JURISDICTION AND VENUE

5.     The subject matter in controversy is within the jurisdictional limits of this court.

6.     This court has jurisdiction over the parties because Defendants are Texas residents or do business in Texas.

7.     Venue in Cameron County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

8.     On or about the 15th of April 2001, Plaintiff was working for the defendant and at defendants' instructions was digging, when he hit a hard object and severely damaged his rotator cuff.

9.     Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of their duty to provide a safe working environment and safe working materials to Plaintiff.

10.     The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts or omissions:

1.     failure to provide a safe workplace

2.     failure to provide proper tools and equipment to perform the work

## DAMAGES FOR PLAINTIFF, MELQUIADES GARCIA

11.     As a direct and proximate result of the occurrence made the basis of

this lawsuit, Plaintiff was caused to suffer pain in the left shoulder and arm and in the neck which caused him to incur the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas, and are approximately $14,000.00;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future in the approximate amount of $10,000.00;

C. Physical pain and suffering in the past in the amount of $15,000.00;

D. Physical pain and suffering in the future in the amount of $10,000.00;

E. Mental anguish in the past in the amount of $20,000.00;

F. Mental anguish in the future in the amount of $10,000.00.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Melquiades Garcia, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum

rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other

and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____

Richard S. Hoffman
Texas Bar No. 09787200
1718 Boca Chica Blvd.
Brownsville, Texas 78520
Tel. (956) 544-2345
Fax. (956) 982-1909
Attorney for Plaintiff
Melquiades Garcia

Citation for Personal Service  - GENERAL                    Lit. Seq. # 5.002.01

No. 2003-CCL-00318-C

# T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: VALLEY TRUCKING COMPANY,INC.
BY SERVING PRESIDENT OR DIRECTOR:DWAYNE TYNER
4550 COFFEEPORT
BROWNSVILLE,TEXAS 78521

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the plaintiff's
PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court At Law No. 3 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by
HON. RICHARD S. HOFFMAN      (Attorney for Plaintiff or Plaintiff), whose address is 1718 BOCA CHICA BLVD. BROWNSVILLE, TEXAS    78520 on the 9th day of   APRIL  , A.D. 2003, in this case numbered 2003-CCL-00318-C on the docket of said court, and styled,

MELQUIADES GARCIA
vs.
VALLEY TRUCKING COMPANY,INC. AND DWAYNE TYNER

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's _____ PLAINTIFF'S ORIGINAL PETITION _____

accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 9th day of   APRIL  , A.D. 2003.

JOE G. RIVERA _____ , County Clerk
Cameron County
974 E. Harrison St.
(P.O. Box 2178)
Brownsville, Texas 78522-2178

By: _Michele Cervantes_ _____ , Deputy
MICHELE CERVANTES

*(stamp:)* FILED FOR RECORD
AT 2:30 O'CLOCK P M
APR 3 0 2003
JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

R E T U R N   O F   O F F I C E R

Came to hand the 14th day of April , 2003, at 12:33 o'clock P .M., and executed (not executed) on the 30th day of April , 2003 , by delivering to Valley Trucking Company, Inc by delivering to its President or X in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____
Plaintiffs Original Petition
Cause of failure to execute this citation is:       350-9826        .
Sam Wallace
FEES serving 1 copy           Sheriff/Constable  Cameron  County, Texas

Total....... $_____           By _____ , Deputy

Fees paid by:_____

Citation for Personal Service  - GENERAL _____     Lit. Seq. # 5.003.01

No. 2003-CCL-00318-C

# T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: DWAYNE TYNER

4550 COFFEEPORT ROAD
BROWNSVILLE,TEXAS 78521

the _____ DEFENDANT ____, GREETING:

You are commanded to appear by filing a written answer to the Plaintiff's
PLAINTIFF'S ORIGINAL PETITION

**FILED FOR RECORD**
AT 4:50 O'CLOCK P M

APR 30 2003

JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court At Law No. 3 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by
HON. RICHARD S. HOFFMAN    (Attorney for Plaintiff or Plaintiff),
whose address is 1718 BOCA CHICA BLVD. BROWNSVILLE, TEXAS    78520
on the 9th day of APRIL , A.D. 2003, in this case numbered 2003-CCL-00318-C
on the docket of said court, and styled,

MELQUIADES GARCIA
vs.
VALLEY TRUCKING COMPANY, INC. AND DWAYNE TYNER

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's PLAINTIFF'S ORIGINAL PETITION

accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 9th day of APRIL , A.D. 2003.

JOE G. RIVERA _____, County Clerk
Cameron County
974 E. Harrison St.
(P.O. Box 2178)
Brownsville, Texas 78522-2178

By Michele Cervantes _____, Deputy
MICHELE CERVANTES

R E T U R N   O F   O F F I C E R

Came to hand the 14th day of April , 2003, at 12:33 o'clock P .M., and executed (not executed) on the 27th day of April , 2003, by delivering to Dwayne Tyner @ 297 Creekbend, B.co in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____ Plaintiff's Original Petition _____.

Cause of failure to execute this citation is: 350-9826 .

FEES serving 1 copy _____ San Wallace

Total....... $_____     Sheriff/Constable Cameron County, Texas

Fees paid by:_____     By _____, Deputy

## AFFIDAVIT OF SERVICE

**FILED FOR RECORD**
AT___ O'CLOCK ___M

APR 3 0 2003

JOE G. RIVERA
CAMERON COUNTY CLERK
By_____ Deputy

Came to hand on the 14th day of April 2003, at 12:33 PM. Cause No. 2003-CCL-00318-C

__X__ Plaintiff's Original Petition
*297 Creekbend*
Executed at: ~~4550 Coffeeport~~, Brownsville, Texas within the County of Cameron at *3:39* PM
on the *30th* day of April 2003, by delivering to the within name: Dwayne Tyner, each in
person a true copy of the above civil process having first endorsed on such a copy the date of
delivery,

I am not a party to or interested in the outcome of the suit referenced above.
I am authorized by written order to serve Citations and other notices.
I am not less than eighteen (18) years of age.

Melquiades Garcia
v.
Valley Trucking Company, Inc. & Dwayne Tyner

By_____
SAM WALLACE
(Authorized Person)

Lawyer Support Services
943 N. Expressway # 15-6
Brownsville, Texas 78520-8605
956-350-9826

VERIFICATION

STATE OF TEXAS            )(
COUNTY OF CAMERON    )(

BEFORE ME, A NOTARY PUBLIC, on this day personally appeared SAM WALLACE, known
to me to be the person whose name is subscribed to the foregoing document and, being by me
first duly sworn, declared that the statements therein contained are true and correct.

Given under my hand and seal of office this *30th* day of April 2003.

_____
NOTARY PUBLIC



# AFFIDAVIT OF SERVICE

FILED FOR RECORD
AT 4:00 O'CLOCK __ M

APR 3 0 2003

JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

Came to hand on the 14th day of April 2003, at 12:33 PM. Cause No. 2003-CCL-00318-C

 X  Plaintiff's Original Petition

297 Creekbend

Executed at: ~~4550 Coffeeport~~, Brownsville, Texas within the County of Cameron at 3:39 PM
on the 30th day of April 2003, by delivering to the within name: Valley Trucking Company,
Inc. by delivering to its President or Director, Dwayne Tyner, each in person a true copy of the
above civil process having first endorsed on such a copy the date of delivery,

I am not a party to or interested in the outcome of the suit referenced above.
I am authorized by written order to serve Citations and other notices.
I am not less than eighteen (18) years of age.

Melquiades Garcia
v.
Valley Trucking Company, Inc. & Dwayne Tyner

By _____
SAM WALLACE
(Authorized Person)

Lawyer Support Services
943 N. Expressway # 15-6
Brownsville, Texas 78520-8605
956-350-9826

VERIFICATION

STATE OF TEXAS          )(
COUNTY OF CAMERON   )(

BEFORE ME, A NOTARY PUBLIC, on this day personally appeared SAM WALLACE, known
to me to be the person whose name is subscribed to the foregoing document and, being by me
first duly sworn, declared that the statements therein contained are true and correct.

Given under my hand and seal of office this ___ day of April 2003.

_____
NOTARY PUBLIC



# SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.
## ATTORNEYS AT LAW
### 100 NORTH EXPRESSWAY 83
### BROWNSVILLE, TEXAS 78521-2284

JACK D. SANCHEZ (1945-1987)

DENNIS M. SANCHEZ, P.C.
ROBERT A. WHITTINGTON, P.C.
BRIAN G. JANIS, P.C.
FRANCISCO J. ZABARTE, P.C.
C. FRANK WOOD, P.C.

TEL. (956) 546-3731
FAX (956) 546-3765

May 23, 2003

**RECEIVED**
JOE G. RIVERA
MAY 2 3 2003
CAMERON COUNTY
Time_____
By_____ Deputy

Mr. Joe G. Rivera
Cameron County Clerk
974 East Harrison
Brownsville, TX 78520

**VIA HAND DELIVERY**

RE:  *Melquiades Garcia v. Valley Trucking Company, Inc. and Dwayne Tyner;*
Cause No. 2003-CCL-318-C; In Cameron County Court at Law No. Three

Dear Mr. Rivera:

Please find enclosed the original and one copy of the following pleadings to be filed in the above referenced matter:

1.    **Defendant Valley Trucking Company, Inc.'s Original Answer; and**
2.    **Defendant Dwayne Tyner's Original Answer.**

Please file-stamp and return the enclosed copies of the above pleadings to the undersigned.

Thank you for your customary courtesy and assistance in attending to this matter.

Very truly yours,

C. Frank Wood

Enc.::

xc:    Mr. Richard S. Hoffman
ATTORNEY AT LAW
1718 Boca Chica Blvd.
Brownsville, Texas 78520

FILED FOR RECORD
AT___ O'CLOCK___ M

CAUSE NO. 2003-CCL-318-C

MAY 2 3 2003

JOE G. RIVERA
CAMERON COUNTY CLERK
By_____ Deputy

| | | |
|---|---|---|
| MELQUIADES GARCIA, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. THREE |
| | § | |
| DWAYNE TYNER and | § | |
| VALLEY TRUCKING COMPANY, INC., | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

## DEFENDANT VALLEY TRUCKING COMPANY, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, VALLEY TRUCKING COMPANY, INC., Defendant in the above-entitled and numbered cause, and files this his Original Answer, and in support thereof would respectfully show unto this Court as follows:

### I.

### General Denial

1.01. Defendant VALLEY TRUCKING COMPANY, INC. denies each and every, all and singular, the allegations set out in Plaintiff's Original Petition and demands strict proof thereof as required by law.

### II.

### Verified Denial and Affirmative Defense

2.01. Pleading in the alternative, Defendant affirmatively alleges that the matters complained of by Plaintiff were caused or contributed to, in whole or in part, by the Plaintiff's own negligence and/or comparative responsibility.

2.02. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the matters complained of by Plaintiff, which are expressly denied,

were proximately caused solely by the negligence, acts, omissions and/or conduct of persons, companies, entities and/or instrumentalities outside of the control of Defendant, and for which acts Defendant is not in law responsible and such acts represent a new, independent, intervening, superseding, and/or sole proximate cause of the occurrences in question and the alleged damages of the Plaintiff, if any.

2.03. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts, omissions, and/or conduct of persons, companies, entities and/or instrumentalities other than Defendant, over which Defendant had no control, was the sole proximate cause of the Plaintiff's alleged injuries.

2.04. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiff was injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

2.05. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in this lawsuit.

2.06. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of law.

2.07.  For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by Plaintiff in this cause.

2.08.  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate the effect of the alleged injuries and damages as required by law.

2.09.  For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.001 of the Texas Civil Practice & Remedies Code. In this case Defendant alleges that the negligence of Plaintiff is fifty-one percent (51%) or greater, and therefore, no damages may be recovered from Defendant.

2.10.  For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically denies that it is liable for prejudgement interest in this cause of action as pled by Plaintiff.

WHEREFORE, premises considered, Defendant prays that this Court order that Plaintiff be denied the recovery sought, and that this Defendant be granted his court costs and such other and further relief, both at law and in equity, to which he may be justly entitled.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 3766 - Fax

By: _____

C. Frank Wood
State Bar No. 24028136
Federal Bar No. 29870
Dennis Sanchez
State Bar No. 17569600
Federal Bar No. 1594

ATTORNEYS FOR DEFENDANT
VALLEY TRUCKING COMPANY, INC.


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Original Answer** has been served upon counsel listed below ☒ by placing a true and correct copy of same in the United States Mail, certified, return receipt requested, with postage fully prepaid, and/or ☐ by facsimile to the number listed below, and/or ☐ by hand delivery, on this _23rd_ day of _MAY_____, 2003:

Mr. Richard S. Hoffman
ATTORNEY AT LAW
1718 Boca Chica Blvd.
Brownsville, Texas 78520
Fax No.: (956) 982-1909

_____

C. Frank Wood

# CIVIL DOCKET

| NAME OF PARTIES | DATE OF ORDERS | COURT'S DOCKETS | ATTORNEYS | KIND OF ACTION | PAPERS FILED |
|---|---|---|---|---|---|
| MELQUIADES GARCIA<br><br>VS<br><br>VALLEY TRUCKING COMPANY, INC. AND DWAYNE TYNER | | | (00004701) HON. RICHARD S. HOFFMAN | (02)<br><br>SUIT ON PERSONAL | |

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page ___ of ___

State of Texas
County of Cameron
I, JOE G. RIVERA, County Clerk
Texas, do hereby certify that the f
correct copy of the original now o
by me in the ___ Civil
Records. 2003-

By _____
JOE G. RIVERA, County C

CAUSE NO. 2003-CCL-318-C



| | | |
|---|---|---|
| MELQUIADES GARCIA, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. THREE |
| | § | |
| DWAYNE TYNER and | § | |
| VALLEY TRUCKING COMPANY, INC., | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

## DEFENDANT DWAYNE TYNER'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DWAYNE TYNER, Defendant in the above-entitled and numbered cause, and files this his Original Answer, and in support thereof would respectfully show unto this Court as follows:

### I.

### General Denial

1.01.  Defendant DWAYNE TYNER denies each and every, all and singular, the allegations set out in Plaintiff's Original Petition and demands strict proof thereof as required by law.

### II.

### Verified Denial and Affirmative Defense

2.01.  Pursuant to Texas Rule of Civil Procedure 93, this Defendant denies that he is liable in the capacity in which he is sued.  Any business transacted or relationship created with Plaintiff was done in the course and scope of operation of Defendant VALLEY TRUCKING COMPANY, INC., a corporation duly formed and existing under the laws of the State of Texas, of which this Defendant is President.

2.02. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the matters complained of by Plaintiff were caused or contributed to, in whole or in part, by the Plaintiff's own negligence and/or comparative responsibility.

2.03. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the matters complained of by Plaintiff, which are expressly denied, were proximately caused solely by the negligence, acts, omissions and/or conduct of persons, companies, entities and/or instrumentalities outside of the control of Defendant, and for which acts Defendant is not in law responsible and such acts represent a new, independent, intervening, superseding, and/or sole proximate cause of the occurrences in question and the alleged damages of the Plaintiff, if any.

2.04. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts, omissions, and/or conduct of persons, companies, entities and/or instrumentalities other than Defendant, over which Defendant had no control, was the sole proximate cause of the Plaintiff's alleged injuries.

2.05. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiff was injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

2.06. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in this lawsuit.

2.07. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of law.

2.08. For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by Plaintiff in this cause.

2.09. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate the effect of the alleged injuries and damages as required by law.

2.10. For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.001 of the Texas Civil Practice & Remedies Code. In this case Defendant alleges that the negligence of Plaintiff is fifty-one percent (51%) or greater, and therefore, no damages may be recovered from Defendant.

2.11. For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically denies that he is liable for prejudgement interest in this cause of action as pled by Plaintiff.

WHEREFORE, premises considered, Defendant prays that this Court order that Plaintiff be denied the recovery sought, and that this Defendant be granted his court costs and such other and further relief, both at law and in equity, to which he may be justly entitled.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 3766 - Fax

By:

C. Frank Wood
State Bar No. 24028136
Federal Bar No. 29870
Dennis Sanchez
State Bar No. 17569600
Federal Bar No. 1594

ATTORNEYS FOR DEFENDANT
DWAYNE TYNER

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Original Answer** has been served upon counsel listed below ☒ by placing a true and correct copy of same in the United States Mail, certified, return receipt requested, with postage fully prepaid, and/or ☐ by facsimile to the number listed below, and/or ☐ by hand delivery, on this _23rd_ day of ___MAY___, 2003:

Mr. Richard S. Hoffman
ATTORNEY AT LAW
1718 Boca Chica Blvd.
Brownsville, Texas 78520
Fax No.: (956) 982-1909

C. Frank Wood

## VERIFICATION

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned authority, on this day personally appeared **DWAYNE TYNER**, who being by me first duly sworn on oath, stated and said that he has read the foregoing **Original Answer**, and that the contents thereof are true and correct.

DWAYNE TYNER

SWORN TO AND SUBSCRIBED TO BEFORE ME, a Notary Public, on the _22nd_ day of May, 2003.

Notary Public, State of Texas

My Commission expires:

State of Texas
County of Cameron

CAUSE NO. 2003-CCL-318-C

| | | |
|---|---|---|
| MELQUIADES GARCIA, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. THREE |
| | § | |
| DWAYNE TYNER and | § | |
| VALLEY TRUCKING COMPANY, INC., | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Please take notice that the Defendant, VALLEY TRUCKING COMPANY, INC., in this

action has, pursuant to federal law, filed with  the Clerk of the United States District Court for the

Southern District of Texas, Brownsville Division, a Notice of Removal, a copy of which is attached

and filed with this document, and that this action is removed to United States District Court for trial

as of today, the 29th day of May, 2003.  This Court is respectfully requested to proceed no further

in this action, unless and until such time as the action may be remanded by order of the United States

District Court.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 3766 - Fax

By: _____
     C. Frank Wood
     State Bar No. 24028136
     Federal Bar No. 29870
     Dennis Sanchez
     State Bar No. 17569600
     Federal Bar No. 1594

ATTORNEYS FOR DEFENDANTS
VALLEY TRUCKING COMPANY, INC.
and DWAYNE TYNER

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Notice of Removal** has been served upon counsel listed below ☒ by placing a true and correct copy of same in the United States Mail, certified, return receipt requested, with postage fully prepaid, and/or ☐ by facsimile to the number listed below, and/or ☐ by hand delivery, on this _29__ day of __MAY__, 2003:

Mr. Richard S. Hoffman
ATTORNEY AT LAW
1718 Boca Chica Blvd.
Brownsville, Texas 78520
Fax No.: (956) 982-1909

_____
· C. Frank Wood

---

State of Texas
County of Cameron
    I, Joe G. Rivera, County Clerk of Cameron County,
Texas, do hereby certify that the foregoing is a true and