United States District Court
Southern District of Texas
FILED

OCT 0 6 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| BEATRICE EBEL, Individually and as Personal Representative of the Estate of PHILIP WAYNE EBEL, Deceased,<br><br>      Plaintiffs,<br><br>v.<br><br>GLAXOSMITHKLINE,<br><br>      Defendant. | CIVIL ACTION NO. B-03-102 |

**JOINT REPORT OF THE MEETING AND
JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   Counsel for Plaintiffs, Andy Vickery, and counsel for Defendant GlaxoSmithKline ("GSK"), Andrew T. Bayman, consulted by electronic mail on October 1, 2003, regarding this Rule 26(f) Report.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   There are no cases related to this one pending in any state or federal court.

3. **Briefly describe what this case is about.**

   Plaintiffs allege that GSK's prescription pharmaceutical, Paxil® ("Paxil"), caused plaintiffs' decedent to commit suicide. Plaintiffs assert claims based on strict liability, negligence, and breach of warranty. GSK will be answering Plaintiffs' Complaint on October 7, 2003. GSK will be fully denying all claims in its Answer. More specifically,

GSK will deny that Paxil is unreasonably dangerous or defective in any way and that Paxil can cause or caused the injuries alleged.

4. **Specify the allegation of federal jurisdiction.**

   This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) based upon complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. **Name the parties who disagree and the reasons.**

   No party disagrees that subject matter jurisdiction is present under 28 U.S.C. § 1332(a).

6. **List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.**

   At this time the parties are unaware of additional parties that should be included. However, the parties reserve the right to add parties pursuant to the Federal Rules of Civil Procedure or any order of this Court. The parties request an ultimate deadline of October 31, 2003, to move for leave to amend the pleadings to add parties.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it had made the initial disclosures required by Rule 26(a). If not describe the arrangements that have been made to complete the disclosures.**

   Pursuant to the attached Proposed Scheduling Order, the parties request that initial disclosures be made by February 13, 2004. Counsel for the parties in this case

have dealt extensively with one another in the past and are familiar with the issues presented by a case such as this one. The parties are diligently pursuing informal discovery, including that which is covered by Fed. R. Civ. P. 26(a)(1), in order to meaningfully evaluate each other's claims and defenses.

10. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all the matters raised in Rule 26(f).**

   See Proposed Scheduling Order, attached hereto.

   1. **What changes should be made in the timing, form or requirement for disclosures under subdivision (a) or local rule, including a statement as to when disclosures under subdivision (a)(1) were made or will be made.**

   As described above, the parties request that, pursuant to the attached Proposed Scheduling Order, initial disclosures be made by February 13, 2004. Counsel for the parties in this case have dealt extensively with one another in the past and are familiar with the issues presented by a case such as this one. The parties are diligently pursuing informal discovery, including that which is covered by Fed. R. Civ. P. 26(a)(1), in order to meaningfully evaluate each other's claims and defenses. Additionally, under the Proposed Scheduling Order, the parties propose that discovery close less than eight months after those disclosures are made, on Septebmer 30, 2004. Because this case involves medically and scientifically complex allegations regarding an allegedly defective pharmaceutical product subject to approval and regulation by the U.S. Food and Drug Administration, the parties anticipate that complex scientific discovery involving use of multiple experts on each side may be required, which will necessitate a longer discovery period than this Court's customary practice of 120 days.

2. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;**

The parties see no need to limit discovery to phases or particular subject matters at this time given that the parties are participating in full, informal discovery. The parties respectfully request that the Court enter the attached Proposed Scheduling Order, which provides for the close of discovery on September 30, 2004, for the reasons previously stated in prior responses contained within this Report.

3. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

At this time, the parties do not request changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Court's local rules, but reserve the right to request changes, so long as such request is made no later than February 13, 2004.

4. **Any other orders that should be entered by the court under subdivision (c) or under Rule 16(b) and (c).**

None at this time.

B. **When and to whom the Plaintiff anticipates it may send interrogatories.**

Because the parties are currently participating in full, informal discovery as part of their ongoing and good-faith evaluation of this case for potential settlement, plaintiffs do not anticipate serving interrogatories on GSK in the immediately foreseeable future. If, following the parties' informal and good-faith evaluation of this case, however, the parties have not resolved the case, plaintiffs anticipates serving interrogatories on GSK.

C.  **When and to whom the Defendant anticipate it may send interrogatories.**

Because the parties are currently participating in full, informal discovery as part of their ongoing and good-faith evaluation of this case for potential settlement, GSK does not anticipate serving interrogatories on plaintiffs in the immediately foreseeable future. If, following the parties' informal and good-faith evaluation of this case, however, the parties have not resolved the case, GSK anticipates serving interrogatories on Plaintiff Beatrice Ebel in her individual and representative capacities.

D.  **Of whom and by when the Plaintiffs anticipate taking oral depositions.**

Because the parties are currently participating in full, informal discovery as part of their ongoing and good-faith evaluation of this case for potential settlement, the parties have not, at this time, identified persons to be deposed. If, following the parties' informal and good-faith evaluation of this case, however, the parties have not resolved the case, they will be in a position, as a result of their informal discovery, to readily identify and depose persons with knowledge within the time frame provided in the attached Proposed Scheduling Order.

E.  **Of whom and by when the Defendant anticipates taking oral depositions.**

Because the parties are currently participating in full, informal discovery as part of their ongoing and good-faith evaluation of this case for potential settlement, the parties have not, at this time, identified persons to be deposed. If, following the parties' informal and good-faith evaluation of this case, however, the parties have not resolved the case, they will be in a position, as a result of their informal discovery, to readily

identify and depose persons with knowledge within the time frame provided in the attached Proposed Scheduling Order.

F. **When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

Under the attached Proposed Scheduling Order, plaintiffs will make their expert disclosures under Rule 26(a)(2)(B) by June 15, 2004, and defendant will make its expert disclosures under Rule 26(a)(2)(B) by August 15, 2004.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Under the Proposed Scheduling Order, all expert depositions will be completed by September 30, 2004. At this time, the parties have not identified experts to be deposed.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Under the Proposed Scheduling Order, all expert depositions will be completed by September 30, 2004. At this time, the parties have not identified experts to be deposed.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are in agreement.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

The parties are currently participating in full, informal discovery as part of their ongoing and good-faith evaluation of this case for potential settlement. This process has included or will include the collection of relevant medical records, exchange of other written information and documents, and informal interviews of plaintiffs.

12. **State the date the planned discovery can reasonably be completed.**

Under the attached Proposed Scheduling Order, discovery will be completed by September 30, 2004.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties are currently participating in full, informal discovery as part of their ongoing and good-faith evaluation of this case for potential settlement, and will report to the Court in the event a final settlement is reached.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties are engaging in full, informal discovery.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties are engaged in informal discovery and ongoing good-faith evaluation of this case for potential settlement. Counsel for both parties have worked together in the past and wish to conduct settlement discussions on their own, rather than with a mediator or by other alterative dispute resolution techniques.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to having a magistrate judge try this case.

17. **State whether a jury demand has been made and if it was made on time.**

A jury demand was timely made in this case.

18. **Specify the number of hours it will take to present the evidence in this case.**

At this time the parties are unable to estimate the number of hours it will take to present the evidence in this case. However, the parties anticipate that prior to trial, the parties will be able to more accurately estimate the number of hours needed.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

20. **List other motions pending.**

None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

22. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

The disclosures were made contemporaneously with the filing of this report.

23. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Michael R. Cowen
Texas State Bar No. 00795306
Federal ID. No. 19967
520 E. Levee
Brownsville, Texas 78520
Telephone: (956) 541-4981
Facsimile: (956) 504-3674     *Attorney for Plaintiffs*

Andy Vickery
Texas State Bar No. 20571800
10000 Memorial Drive, Suite 888

Houston, Texas 77024
Telephone: (713) 683-1209
Facsimile:  (713) 683-1294          *Attorney for Plaintiffs*

James A. Saenz
Texas State Bar No. 17514859
Federal ID. No. 7630
Rodriguez Colvin & Chaney L.L.P.
Post Office Box 2155
1201 East Van Buren
Brownsville, Texas 78522-2155
Telephone: (956) 542-7441
Facximile:  (956) 542-2170          *Attorney for Defendant*

AGREED AS TO FORM AND CONTENT:

_____
Andy Vickery
Texas State Bar No. 20571800
10000 Memorial Drive, Suite 888
Houston, Texas 77024
Telephone: 713-683-1209
Facsimile: 713-683-1294

ATTORNEY FOR PLAINTIFFS

_____
Jaime A. Saenz
Texas State Bar No.
Rodriguez Colvin & Chaney L.L.P.
Post Office Box 2155
1201 East Van Buren
Brownsville, Texas 78522-2155
Telephone: 956-542-7441
Facsimile: 956-542-2170

ATTORNEY FOR DEFENDANT
GLAXOSMITHKLINE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| BEATRICE EBEL, Individually and as Personal Representative of the Estate of PHILIP WAYNE EBEL, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>GLAXOSMITHKLINE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. B-03-102<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **PROPOSED SCHEDULING ORDER**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, the following schedule is established for this case.

1. Motions to join other parties and amend the pleadings (Fed. R. Civ. P. 16(b)(1)) shall be filed no later than October 31, 2003.

2. Plaintiff shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by June 15, 2004.

3. Defendant shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by August 15, 2004.

2

4.      Discovery shall be completed no later than September 30, 2004.  All discovery requests shall be served in time for the responses thereto to be served by this date.

5.      All motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before November 19, 2004.  (Fed. R. Civ. P. 16(b)(2))

6.      No later than January 31, 2005 the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures.  Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4).

Signed this _____ day of October, 2003

_____
United States District Judge