UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 7 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| BEATRICE EBEL, Individually and as Personal Representative of the Estate of PHILIP WAYNE EBEL, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>GLAXOSMITHKLINE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. B-03-102<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER AND DEFENSES OF DEFENDANT
### SMITHKLINE BEECHAM CORPORATION d/b/a
### GLAXOSMITHKLINE TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline, ("GSK"), and in response to Plaintiffs' Complaint, makes and files its Answer and Defenses as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND DEFENSE

For its Second Defense, GSK responds to the individually-numbered paragraphs of Plaintiffs' Complaint as follows:

### ANSWERING THE SECTION ENTITLED
### "NATURE OF THE CASE"

1.   GSK admits that Plaintiffs allege that this is a products liability, personal injury

and wrongful death case. GSK admits that it manufactures and markets the prescription pharmaceutical Paxil® ("Paxil"), and that Paxil is a prescription drug that is known as a selective serotonin reuptake inhibitor. GSK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of Plaintiffs' Complaint.

### ANSWERING THE SECTION ENTITLED "PARTIES"

2.  GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiffs' Complaint.

3.  GSK admits that it is owned, through several layers of wholly owned subsidiaries, by a publicly held English limited company, that its principal place of business is located in Pennsylvania, and that it also has offices in North Carolina. GSK further admits that it is a pharmaceutical company that manufactures and markets Paxil, which is a prescription drug known as a selective serotonin reuptake inhibitor. GSK denies any remaining allegations in Paragraph 3 of Plaintiffs' Complaint.

### ANSWERING THE SECTION ENTITLED "JURISDICTION AND VENUE"

4.  GSK admits that subject matter jurisdiction is present under 28 U.S.C. § 1332(a), for the reasons alleged in Paragraph 4 of Plaintiffs' Complaint. GSK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of Plaintiffs' Complaint.

### ANSWERING THE SECTION ENTITLED "FACTS"

5.  GSK admits that Paxil is a prescription drug that has been approved by the U.S. Food and Drug Administration ("FDA"), and that it is designed to selectively inhibit the reuptake of serotonin. GSK denies the remaining allegations in Paragraph 5 of Plaintiffs' Complaint.

6.  GSK admits that Paxil has been approved by the FDA as safe and effective for the

treatment of depression, generalized anxiety disorder, panic disorder, social anxiety disorder, obsessive-compulsive disorder, and post-traumatic stress disorder. GSK denies the remaining allegations in Paragraph 6 of Plaintiffs' Complaint.

7. GSK denies the allegations in Paragraph 7 of Plaintiffs' Complaint.

8. GSK denies the allegations in Paragraph 8 of Plaintiffs' Complaint.

9. GSK denies the allegations in Paragraph 9 of Plaintiffs' Complaint.

10. GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiffs' Complaint.

11. GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiffs' Complaint.

12. GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiffs' Complaint.

13. GSK denies the allegations in Paragraph 13 of Plaintiffs' Complaint.

14. GSK denies the allegations in Paragraph 14 of Plaintiffs' Complaint.

15. GSK admits that plaintiffs purport to allege causes of action under the Texas Wrongful Death Statute and Texas Survival Statute. GSK denies the remaining allegations in Paragraph 15 of Plaintiffs' Complaint.

16. GSK admits that a verdict was rendered in June 2001 in a case entitled <u>Tobin v. SmithKline Beecham Corporation</u>, but denies the remaining allegations in Paragraph 16 of Plaintiffs' Complaint.

17. GSK denies the allegations in Paragraph 17 of Plaintiffs' Complaint.

18. GSK denies the allegations in Paragraph 18 of Plaintiffs' Complaint.

19. GSK admits that plaintiffs have demanded a trial by jury.

## ANSWERING THE "WHEREFORE" PARAGRAPH

GSK denies that Plaintiff is entitled to a judgment against it or to recover from it the damages and other relief sought in the "WHEREFORE" paragraph immediately following Paragraph 19 of Plaintiffs' Complaint.

20.     GSK denies each and every allegation in Plaintiffs' Complaint that is not specifically admitted in this Answer.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or repose.

## FOURTH DEFENSE

Plaintiffs' claims are preempted or barred, in whole or in part, by the Federal Food, Drug and Cosmetic Act as amended, including but not limited to the doctrine of primary jurisdiction because the Food and Drug Administration of the United States Department of Health and Human Services ("FDA") has primary jurisdiction over the issues raised in Plaintiffs' Complaint and exclusive regulatory control of products such as the product at issue here. The granting of the relief prayed for in Plaintiffs' Complaint would impede, impair, frustrate or burden the effectiveness of such federal law and would violate the Supremacy Clause (Art. VI, cl. 2) of the United States Constitution and the Court should either dismiss these claims for relief or defer consideration of them to the FDA.

## FIFTH DEFENSE

Plaintiffs' Complaint fails to state a claim against GSK because there is no private right of action under the Federal Food, Drug and Cosmetic Act as amended.

## SIXTH DEFENSE

To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341 (2001).

## SEVENTH DEFENSE

To the extent Plaintiffs' claims are based on alleged communications between GSK and regulatory agencies of the United States government or any other government, those claims are barred, in whole or in part, by operation of applicable law, including the First Amendment rights of GSK to petition the government.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the commercial speech of GSK relating to Paxil is protected under the First Amendment of the United States Constitution and under the Constitution of the State of Texas.

## NINTH DEFENSE

Plaintiffs' claims are barred because GSK complied with applicable statutes and with the requirements and regulations of the FDA.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the learned intermediary doctrine.

## ELEVENTH DEFENSE

At all times material thereto, GSK's conduct conformed to the state-of-the-art.

## TWELFTH DEFENSE

GSK pleads the application of Comments j and k to the Restatement of Torts (Second) Section 402A and the application of Restatement (Third) of Torts: Products Liability Section 6.

5

## THIRTEENTH DEFENSE

Adequate and complete warnings and instructions were provided with the subject product, and the subject product was neither defective nor unreasonably dangerous when used according to label instruction.

## FOURTEENTH DEFENSE

Plaintiffs' alleged causes of action are barred because, based upon the scientific skill and knowledge at the time the product was distributed, the product was reasonably safe for normal and foreseeable use, and the benefits of the product outweighed any associated risks.

## FIFTEENTH DEFENSE

Plaintiffs' alleged damages, if they were caused by the product, which GSK expressly denies, were caused by a generic, inherent characteristic of the product that could not be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the appropriate person with the ordinary knowledge common to that person's community.

## SIXTEENTH DEFENSE

GSK asserts any and all defenses available under Texas Civil Practice and Remedies Code §§ 82.001 *et. seq.*

## SEVENTEENTH DEFENSE

Plaintiffs' decedent knowingly and voluntarily assumed any and all risks with the use of the product at issue in this case and such assumption of the risk bars in whole or in part the damages Plaintiffs seek to recover herein.

## EIGHTEENTH DEFENSE

Plaintiffs' alleged injuries or damages, if any, were the result of preexisting or subsequent conditions unrelated to Paxil.

## NINETEENTH DEFENSE

Plaintiffs' alleged injuries and damages, if any, may have been caused by an idiosyncratic reaction, without any negligence or failure on the part of GSK or any defect attributable to its product, and Plaintiffs' claims are therefore barred.

## TWENTIETH DEFENSE

Plaintiff and/or Philip Wayne Ebel may have failed to exercise ordinary care or reasonable care. If so, Plaintiffs' Complaint should be dismissed or his damages reduced under the doctrine of contributory negligence and/or comparative fault and/or proportionate responsibility, pursuant to Texas Civil Practice and Remedies Code §§ 33.001 *et seq.*

## TWENTY-FIRST DEFENSE

GSK states that the sole proximate cause of the injuries alleged in Plaintiffs' Complaint was the actions, omissions or negligence, or the combination of the actions, omissions or negligence, of a person or persons, other than GSK, for whose actions, omissions or negligence GSK is in no way liable. Plaintiffs are not, therefore, entitled to recover from GSK in this action. As to Plaintiffs or any other entity or person whose conduct, omissions, intentional actions or intervening negligence resulted in the alleged injuries and/or damages of Plaintiffs, if any, GSK expressly pleads the doctrines of contributory negligence and/or comparative fault.

## TWENTY-SECOND DEFENSE

GSK states that if Plaintiffs sustained any injuries or damages, which fact is specifically denied, and it is determined that said injuries or damages were caused, in whole or in part, or

contributed, by the acts, omissions, negligence or causal fault of other persons or entities for whom this defendant is not responsible, and causal fault does not act as a complete bar to Plaintiffs' claim against this defendant, then this defendant is entitled to an apportionment of all such causal fault and a reduction of any award against it.

### TWENTY-THIRD DEFENSE

If Plaintiffs sustained injuries attributable to the use of the product at issue in this case, which allegations are expressly denied, the injuries were solely caused by and attributable to the unintended, unreasonable, and improper use or misuse which was made of said product.

### TWENTY-FOURTH DEFENSE

The damages and injuries allegedly sustained by Plaintiffs, if any, were not legally caused by the product at issue, but instead were legally caused by intervening and superseding causes or circumstances.

### TWENTY-FIFTH DEFENSE

Any recovery by Plaintiffs must be reduced or offset by amounts Plaintiffs have received or will receive from others for the same injuries claimed in this lawsuit.

### TWENTY-SIXTH DEFENSE

Plaintiffs' damages, if any, are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

### TWENTY-SEVENTH DEFENSE

To the extent that Plaintiffs claim damages for pain and suffering, such claims are barred because they violate GSK's right to due process and equal protection.

### TWENTY-EIGHTH DEFENSE

The imposition of exemplary damages would violate GSK's right to due process under

the Fifth and Fourteenth Amendments to the United States Constitution, GSK's right to equal protection under the Fourteenth Amendment to the United States Constitution.

### TWENTY-NINTH DEFENSE

Exemplary damages are a punishment, a quasi-criminal sanction for which GSK has not been afforded the specific procedural safeguards prescribed in the Texas Constitution and the Fifth and Sixth Amendments to the United States Constitution.

### THIRTIETH DEFENSE

Plaintiffs have failed to allege exemplary damages with the requisite specificity. In the alternative, GSK pleads the limitation of punitive or exemplary damages set forth in Chapter 41 of the Texas Civil Practices and Remedies Code.

### THIRTY-FIRST DEFENSE

With respect to Plaintiffs' demand for exemplary damages, GSK specifically incorporates by reference all standards of limitations regarding the determination and enforceability of exemplary damage awards which arise in the decisions of BMW of North America v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. —, 123 S. Ct. 1513 (2003).

### THIRTY-SECOND DEFENSE

Plaintiffs are not entitled to collect an award of exemplary damages from GSK because an award of such damages could violate the excessive fines clauses of the United States Constitution.

### THIRTY-THIRD DEFENSE

Plaintiffs' claim for exemplary damages cannot be sustained because under Texas law, a jury award of exemplary damages is not subject to post-trial and appellate court review under

constitutionally adequate objective standards, which violates this defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

### THIRTY-FOURTH DEFENSE

An award of exemplary damages in this case would violate the United States and Texas Constitutions to the extent it may award damages to Plaintiffs for actions this defendant allegedly performed outside of the State of Texas.

### THIRTY-FIFTH DEFENSE

GSK is not indebted or liable to Plaintiffs in any manner or amount whatsoever.

### THIRTY-SIXTH DEFENSE

GSK hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery in this case or otherwise, and hereby reserves the right to amend this Answer to assert any such defenses.

### PRAYER FOR RELIEF

WHEREFORE, GSK prays that:

(a)   Plaintiffs take nothing by reason of Plaintiffs' Complaint;

(b)   Plaintiffs' Complaint against GSK be dismissed with prejudice in its entirety;

(c)   Defendant recovers costs; and

(d)   This Court award such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Defendant demands a jury trial.

This _____ day of October, 2003.

Respectfully submitted,

By: _____
Jaime A. Saenz
Texas State Bar No. 17514859
Federal ID. No. 7630
Rodriquez Colvin & Chaney L.L.P.
Post Office Box 2155
1201 East Van Buren
Brownsville, Texas 78522-2155
Tel: (956) 542-7441
Fax: (956) 542-2170

ATTORNEY FOR DEFENDANT
GLAXOSMITHKLINE

OF COUNSEL:

Chilton Davis Varner
Andrew T. Bayman
KING & SPALDING LLP
191 Peachtree Street, N.E.
Atlanta, Georgia 30303-1763
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a copy of the foregoing **ANSWER AND DEFENSES OF DEFENDANT SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKINE TO PLAINTIFFS' COMPLAINT** on counsel of record by depositing a copy of the same in U.S. Mail, first-class, postage prepaid, and addressed as follows:

Michael R. Cowen
520 E. Levee
Brownsville, TX 78520

Andy Vickery
10000 Memorial Drive
Suite 888
Houston, Texas 77024

This _____ day of October, 2003.

_____
Jaime A. Saenz